ROBERTSON, STATE REVENUE AGENT, *v.* BELTZHOOVER'S ESTATE.[*]

(Division B.  Oct. 27, 1924.)

[101 So. 557.  No. 24297.]

1. STATUTORY PROVISIONS.

Chapter 170, Laws 1924, expressly exempts from its operation suits brought by the revenue agent prior to August 1, 1923, and suits where judgments had been obtained and suits on appeal to the supreme court at the time of the passage of the act. Such suits are governed by the then existing law, namely, section 7068, Hemingway's Code (section 4750, Code 1906).

2. STATUTORY PROVISIONS.
   Under section 7068, Hemingway's Code (section 4750, Code 1906),
   the successor of the revenue agent whose term has expired shall
   allow all suits commenced to be conducted in his name.

3. TAXATION, *Petition for appeal by revenue agent whose term has
   expired must be filed in name of successor.*
   Under this section a petition for appeal of a cause must be filed
   in the name of the successor of the revenue agent whose term of
   office has expired.                                ' ·

*Headnotes 1. Taxation, 37 Cyc, p. 1113; 2. Taxation, 37 Cyc, p.
1116 (1926 Anno); 3. Taxation, 37 Cyc, p. 1116 (1926 Anno).

APPEAL from circuit court of Adams county.
HON. R. L. CORBAN, Judge.
Proceedings by Stokes V. Robertson, State Revenue
Agent, against the estate of Beltzhoover. On motion to
dismiss plaintiff's petition for appeal from judgment re-
jecting back tax assessment of defendant. Motion sus-
tained.

*Ratchiff & Kennedy,* for appellant.

*Green, Green & Potter,* for appellee.

Briefs in this case not available to the reporter.

Argued orally by *Marcellus Green* for movant.

SYKES, P. J., delivered the opinion of the court.

Prior to August 1, 1923, Stokes V. Robertson, state
revenue agent, instituted proceedings to back tax assess
the Beltzhoover estate. The board of supervisors re-
jected the assessment of the revenue agent, and the cause
was appealed to the circuit court. The circuit court on
January 2, 1924, entered a judgment rejecting this as-
sessment.                                          \
There was filed in the office of the circuit clerk, on
January 21, 1924, a petition for an appeal of the cause
to the supreme court. The petition states that Stokes V.

Robertson, state revenue agent, desires an appeal of this cause to the supreme court. This petition is not signed. We will assume, however, that it was a petition for an appeal by Stokes V. Robertson, State Revenue Agent.

The fact is that, as Robertson's term of office as state revenue agent expired midnight of. January 20th, consequently this petition for appeal was filed with the circuit clerk after Robertson's term of office had expired. He was therefore not the state revenue agent at the time of the filing of the petition.

It is contended by the movant, first, that this attempted appeal is governed by chapter 170, Laws 1924 (page 221, Acts 1924).; second, that, if not governed by this act, then under section 1068 of Hemingway's Code the petition for appeal should have been filed in the name of Miller, state revenue agent, who succeeded Robertson.

The latter part of section 1, chapter 170, is as follows: "But nothing in this act shall apply to or preclude the prosecution of suits where judgments or decrees have been obtained or suits on appeal are pending in the supreme court of the state of Mississippi."

The judgment in this case was rendered before the passage of this act; consequently this suit comes within the exception there mentioned.

Section 4 of the act further provides that: "All suits brought by the revenue agent prior to August 1, 1923, are hereby exempted from the operation of this act and such suits may be brought to final determination by the retired revenue agent in the name of his successor as now provided by law."

This suit also comes within this exception, as it was instituted before August 1, 1923. The right to prosecute this appeal is therefore governed by section 1068, Hemingway's Code (section 4750, Code 1906). In that section, among other things, it is provided that the successor shall allow all suits commenced to be conducted in his name.

This motion must be sustained, however, because the petition for appeal was not filed in the name of Miller, the successor of Robertson, as state revenue agent.

The motion to dismiss is sustained.

*Sustained.*